USDC SCAN INDEX SHEET










TKL    3/17/06    10:45
3:99-CR-01318    USA V. RUBALCAVA SANDOVAL
*585*
*O.*

FILED

06 MAR 16 PM 1:34

CLERK, U.S. DISTRICT C...
SOUTHERN DISTRICT OF CAL...

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 99cr1318 JM |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION; DENYING MOTION TO RECUSE; DENYING MOTION FOR CERTIFICATE OF APPEALABILITY; GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| vs. | |
| RONNIE THEODORE WALTERS, | |
| Defendant. | |

**MOTION FOR RECONSIDERATION**

On or about March 9, 2006 the court received from Defendant a Motion to Reconsider this court's January 10, 2006 Order Denying Motion to Vacate, Set aside or Correct Sentence ("Order"). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. . . . There may also be other, highly unusual circumstances warranting reconsideration." School Dist. N. 1J Multnomah Cty. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

Here, Defendant fails to identify any newly discovered evidence, manifest error, or intervening change in controlling law. Rather, the focus of Defendant's argument is that the court should recuse itself from this case. This is not a proper ground for reconsideration, as more fully set forth in the following section.

99cr1318

In sum, the motion to reconsider the Order is denied.

**Motion to Recuse**

In his Motion to Reconsider, Defendant moves for recusal. The grounds for recusal are controlled by 28 U.S.C. §144 and §455. Defendant fails to satisfy either statute. Pursuant to Section 144 a request for recusal must not only be timely, but it must be accompanied by an affidavit stating "facts and the reasons for the belief that bias or prejudice exists and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time." 28 U.S.C. §144. Defendant's failure to timely comply with the statute, or show good cause for his failure to timely file this motion, or to submit a proper affidavit precludes relief under Section 144.

Similarly, recusal is not appropriate under Section 455.[1] This section sets forth a broad ground for recusal: a federal judge must recuse "in any proceeding in which his (or her) impartiality might reasonably be questioned." 28 U.S.C. §455(a). The obligations set forth in Section 455 are "self-enforcing on the part of the judge." United States v. Sibla, 624 F.2d 864, 867-68 (9th Cir. 1980). Disqualification is required if a reasonable factual basis exists for questioning the judge's impartiality. "The inquiry is objective, from the point of view of a reasonable person with access to all of the facts." New York city Housing Develop. Corp. v. Hart, 796 F.2d 976, 980 (7th Cir. 1986). Section 455(a) requires disqualification "to be evaluated on an objective basis, so that what matters is not the reality of bias or prejudice, but its appearance." Liteky v. United States, 510 U.S. __, 114 S.Ct. 1147, 1154 (1994). The test for disqualification is whether an average, reasonable person knowing all the circumstances, would harbor doubts about the judge's impartiality. Milgard Tempering, Inc. v. Selas Corp. of America, 902 F.2d 703, 714 (9th Cir. 1990).

Defendant raises several arguments to support his claim of bias. Among other

---

[1] A motion for recusal under Section 445 is heard by the judge assigned to the case. In re Bernard, 31 F.3d 842, 843 (9th Cir. 1994).

things, Defendant contends that this court controlled the jury "by buying them all lunch every day, and coffee and donuts (sic) every day," (Motion at p.20); refused to admit the disputed Sandoval Declaration into evidence at trial, the subject of the previous Order; complemented Defendant's trial attorney on his trial skills; and is biased against him. The court concludes that the recusal grounds cited by Defendant are insufficient to create reasonable doubts about the court's impartiality. With respect to payment of lunch and morning refreshments during jury deliberations only, the court notes that this is a long-established practice in this district. With respect to the admissibility of the Sandoval Declaration, the Order sets forth the court's reasoning. Even if the Order were wrongly decided, the fact that a judge makes erroneous rulings in a case is not enough to show bias or prejudice. Cintron v. Union Pac. R.R. Co., 813 F.2d 917, 921 (9th Cir. 1987). With respect to the compliments directed towards Mr. DePento, the court notes that it frequently compliments all counsel at the conclusion of a well-tried case. It is the practice of the court to compliment attorneys equally, whether government or defense counsel, and to do so in a manner that does not favor or prejudice one side or the other. With respect to a generalized claim of bias, this court notes, subjectively, that it holds no bias toward Defendant, and objectively, Defendant fails to identify sufficient facts to warrant recusal.

After careful review of Defendant's arguments, the court concludes that there is no basis for recusal. Just as judges have an obligation to recuse themselves when their impartiality may reasonably be questioned, judges also have an obligation to refrain from recusal when there is no basis for disqualification. New York City Housing Develop. Corp., 796 F.2d at 980. In sum, the motion to recuse is denied.

**Certificate of Appealability**

Defendant also moves for a certificate of appealability pursuant to 28 U.S.C. §2253(c)(2). For the reasons set forth in the Order, Defendant fails to make a substantial showing of the denial of a constitutional right. Accordingly, the request for a certificate of appealability is denied. See 28 U.S.C. §2253(c)(2).

In Forma Pauperis and Request for Appointment of Counsel.

Defendant also moves to proceed in forma pauperis. Defendant declares that he does not possess any income and does not own any significant asset. Accordingly, the court grants Defendant's request to proceed in forma pauperis and without prepayment of filing fees.

Defendant also requests the appointment of an attorney to assist him in prosecuting the appeal of the Order. In general, the Constitution provides no right to appointment of counsel in a civil case. See Lassiter v. Dept. of Social Services, 452 U.S. 18, 25 (1981). However, district courts are granted discretion to appoint counsel for indigent persons under "exceptional circumstances." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate [her] claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Here, it appears that Defendant has a sufficient grasp of his case, the legal issues involved, and is able to adequately articulate the basis of his claims. Under these circumstances, the Court denies Petitioner's request for appointment of counsel because it is not warranted in the interests of justice. See LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987).

In sum, the motion for reconsideration is denied, the motion for recusal is denied, the motion for a certificate of appealability is denied, the motion to proceed in forma pauperis is granted, and the motion for appointment of counsel is denied.

**IT IS SO ORDERED.**
DATED: 3/14, 2006

JEFFREY T. MILLER
United States District Judge

cc: All Parties

- 4 -

99cr1318